## AARON VAN CAMP *v.* HENRY O. GILBERT.

Suit brought on receipt given by V. to G. for money to be invested in stocks, and "to manage the same as my own," with V.'s knowledge. G. invested the money, with an equal amount of his own, in a "pool," where nearly the whole was lost, and on a settlement with their brokers an equal dividend was paid to each, accepted, and no exception taken by V. at the time.

*Held,* V. could not render G. liable for the money advanced

This case was tried on submission to the court at Special Term, when the issues were found for the defendant. A motion for a new trial was made, and the case on the motion reserved to General Term.

The action was brought to recover a large sum of money, which was alleged as due from the defendant to the plaintiff, on a transaction which is explained by the following writing:

"NEW YORK, *November* 3, 1864.

"Received of Dr. A. Van Camp twenty thousand dollars, to be invested in Cleveland and Pittsburg Railroad stock for his benefit. The above amount of money I have left

with Messrs. Mills, Knickerbocker & Co., where the stock is to be purchased and sold, which purchase and sale I am to manage the same as I do my own.

"Signed, H. O. GILBERT."

It was alleged in the petition that the defendant did not, nor has he ever complied with his agreement, but, on the contrary, has neglected to do so, and is now indebted to the plaintiff in the sum he received from him.

The defendant answered, denying all indebtedness, and moreover averred that the money paid to him by the plaintiff was deposited with Mills, Knickerbocker & Co., stock brokers in New York, for the purpose stated in the receipt, who purchased and resold from time to time the stock described, with the knowledge and consent of the plaintiff, who was fully aware of the facts. Afterward, in May, 1865, the brokers referred to rendered a detailed statement of their purchases and sales to the plaintiff and defendant, which was a just and true account of their dealings with the parties, and on that day all moneys due to both plaintiff and defendant were paid to them by the said brokers, to the ascertained amount of $1,273.25 each, this payment closing the whole transaction. That no exception was taken to the account by the plaintiff, and from that time until the bringing of this suit the defendant did not know that the settlement was questioned or excepted to by the plaintiff. This is averred to have been the only transaction between the plaintiff and defendant.

*I. J. Miller*, for plaintiff.

*C. D. Coffin*, contra.

STORER, J. We are asked to grant a new trial on the ground of "newly discovered evidence," and because the finding of the court below for the defendant was not sustained by the evidence and was contrary to law.

A brief history of the case, as we glean it from the testimony in the record, is that the New York brokers referred to held a "pool," so called in Wall street parlance, in which large sums had been and were to be invested for the purchase and sale of Cleveland and Pittsburg Railroad stock, which at one time represented between three and four hundred thousand dollars. In this investment a number of persons engaged, residents not only of New York, but of Cincinnati and Chicago, of all which the plaintiff seems to have been well advised, and was willing to risk his money in the adventure; this adventure being the purchase of the stock already described, and its resale from time to time at the option of the contributors to the fund invested. A large sum was at hazard, and, as usual in such transactions, the financial thermometer was closely watched, to take every advantage of every rise or fall in the market to purchase and sell with profit. The plaintiff knew, it is evident, how the affair was being conducted, and trusted, with all who held shares in the "pool," to future good fortune, and all were alike deceived in the result. On a detailed statement, which the evidence assures us was accurately made and furnished to both plaintiff and defendant, it was ascertained there was due each of them $1,273.25, which was paid on May 4, 1865, and the following receipt signed by the parties:

"The above account has been examined and adjusted and is found correct, and is hereby settled by the payment to A. Van Camp of $1,273.25, and the transfer to the general account on Mills, Currie & Co.'s books to H. O. Gilbert of $1,273.25."

This memorandum was signed by both the plaintiff and defendant, without any protest or complaint, so far as the evidence discloses their conduct at the time. This was in 1865, and no demand was made of any further sum, on account of error or mistake in the settlement, until this action was brought in June, 1869. This singular delay

has not been explained, and during the whole period the defendant has been within the reach of process in New York and Cincinnati.

There is no question of law presented in the case to be passed upon. The determination of the whole controversy depends entirely upon the facts proved, and, after a consideration of the evidence submitted to us, we find no difficulty in arriving at the same conclusion with the judge at Special Term. We are satisfied the preponderance of testimony can lead to no other conclusion. We can not shut our eyes to the fact that he, who was bound by his contract with Van Camp "to manage purchases and sales of the stock in the same manner he did his own," not only did invest in the "pool" the same amount of his own money as of the plaintiff's, but has also sustained a similar loss, and been content, in adjusting accounts with the brokers, to receive the same amount that was paid the plaintiff. We are all of opinion that the plaintiff has no right of action against the defendant, and that the motion for a new trial be overruled and judgment entered for defendant.